# SUPREME COURT.

## DAVID HEETER agt. MAURITZ L. ECKSTEIN.

*Assignment of lease — breach of covenant — re-enter — subletting.*

Where there is a covenant in a lease not to assign, and an assignment is made of the whole term by the lessee, if the landlord desires to take advantage of the breach of the covenant, he must re-enter.

If the landlord accepts rent from the assignee of the lease, the assignee becomes his tenant, and he takes the leasehold freed from the covenant not to assign, and is only liable for rent for the time that the premises remain his.

There is a great difference between a breach of a covenant not to underlet and not to assign. In the one case the lessee still remains the owner of the leasehold premises, and in the other he parts with his whole interest or estate.

*Special Term, February,* 1874.

VAN BRUNT, *J.* — I think that the principle is perfectly well settled that where there is a covenant in a lease not to assign, and an assignment is made of the *whole* term by the lessee, if the landlord desires to take advantage of the breach of the covenant he must re-enter. If he accepts rent from the assignee of the lease, the assignee becomes his tenant, and he takes the leasehold freed from the covenant not to assign, and is only liable for rent for the time that the premises remain his, although the counsel for the plaintiff insists that there is no distinction between a breach of a covenant not to underlet and not to assign. I think that there is a vast difference. In the one case the lessee still remains the owner of the leasehold premises, and in the other he parts with his whole interest or estate.

In the one case the landlord could not, if he wished, maintain an action for rent against an under tenant, whereas against an assignee of a lease such an action by the landlord will lie.

In the case of an assignment of a lease, no part of the estate ever reverts back to the original lessee, whereas in the case of an underletting at the expiration of the term, the whole estate reverts to the original lessee, and he takes it again subject to the covenant.

All the cases which the counsel for the plaintiff has cited to show that the acceptance of rent after breach of a covenant is not tantamount to a license, but for any subsequent *underletting* the landlord may re-enter, are cases of underletting only, and not cases of assignment. The defendants Eckstein and Vogel, having already assigned an injunction, cannot restrain them from doing what they have already done, and if there has been a breach of the covenant not to assign, the landlord has what the law deems to be an adequate remedy. The defendants must have judgment.